## HENRY ET AL. V. BUCKNER.

1. CONTRACT TO SELL CHATTELS.— A written contract to sell for the owner a team of horses, with a wagon and harness, for the sum of $350, and to forward the proceeds to him within a specified time, less $10 commission, and less $100 advanced thereon, is an entire contract, and does not authorize the sale of the wagon and harness without the team.

2. SAME — CANNOT BE RESCINDED WITHOUT NOTICE.— The happening of unforeseen events over which the parties employed to sell have no control does not justify them in treating the contract as rescinded without notice to the owner, and selling part of the property to reimburse them for the money advanced, and causing the balance to be sold under legal process for charges against the same for care and keeping.

*Appeal from Superior Court of Denver.*

THE gist of appellee's complaint is that on or about March 14, 1885, he left a team, wagon and harness with the appellants, upon a written agreement to sell said property for $350; that at the same time they advanced $100 to the appellee on account of said $350, and agreed to send him at Challis, Custer county, Idaho, the remaining $250, less a commission of $10, within three weeks next after said March 14, 1885. The breach is alleged to be that the appellants failed to send him the $250, less commission, at or before or after the expiration of said three weeks, and praying judgment for $240, and interest.

The gist of the appellants' defense is that, in consequence of the sickness of said team from natural causes during and for a long time after said time, they were wholly prevented from selling said team, wagon and harness; and, in consequence of said sickness during and after said three weeks, they were prevented from sending to the appellee the balance of said $350, being $250, less commission, at or before the expiration of said three weeks from said March 14, 1885, and have always been so prevented for said reason.

A trial to the court below, without a jury, resulted in a judgment for the plaintiff for the sum of $238.29, from which the appeal was taken.

Messrs. KNAPP & BENTON, for appellants.

Mr. J. W. HORNER, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Appellants, having admitted the material allegations of the complaint by failing to take issue thereon in their joint answer, upon the trial attempted to prove the matter set up in their answer in avoidance of appellee's claim. It is apparent from the testimony offered that shortly after the contract for the sale of these horses was entered into between the parties to this suit, and upon the same day, appellants had two offers, each of $350, for the team, harness and wagon, this being the price agreed upon at which the property was to have been sold. The first of these offers was accepted by the appellants, although not accompanied by any tender of payment, and the second was refused on account of such acceptance. The first bidder failing to raise the necessary amount, no sale was in fact consummated. Shortly after this the horses were taken sick; and appellants, without offering to rescind the contract made with appellee, sold the wagon and harness for $75, although they were not authorized to sell the wagon and harness except together with the horses.

After this the horses were taken to appellants' ranch, where they remained for some months, and were then returned to the stable in Denver. Shortly after such return the appellants caused the horses to be attached and sold to pay a claim advanced by them for the care and keeping of the team. At this forced sale the horses brought only $85.

If, on account of matters over which they had no control, appellants were unable to sell the property for the price agreed upon, they should have promptly notified appellee to this effect, and asked for a rescission of the contract. Instead of doing this, they undertook to arrange the matter contrary to the terms of their written agreement without the consent or knowledge of appellee. This they had no right to do. They were bound by the

terms of their contract, and the fact that they had made advances upon the property did not authorize them to disregard the agreement. ᵢ The manner in which this money was to have been repaid was provided for in the instrument, the terms of which were ignored by the appellants, without any notice to appellee of such intended violation, and without any opportunity having been given him to repay the advances and recover the property. Under such circumstances, the trial court properly decided that the appellants were liable upon the contract. We do not deem it necessary to enter upon any general examination of the authorities upon this question, but the principle announced is fully sustained in the following cases: *Smart v. Sandars*, 5 C. B. 895; *Brown v. M'Gran*, 14 Pet. 479; *Marfield v. Goodhue*, 3 N. Y. 62.

Judgment was entered in the court below for the sum of $238.29, which amount seems to have been arrived at by taking $350, the price at which appellants were authorized to sell the property, and deducting therefrom a commission of ten per cent., amounting to $35, and also the $100 advanced by them in the first instance, and adding interest on the remainder at the rate of ten per cent. per annum to the date of entering judgment; and this is assigned for error.

Appellants failing, at the trial, to establish the only defense to the action interposed, appellee, under the admission of the pleadings, was entitled to a judgment for $240 and interest; however, if the entry for judgment for a less amount could be held as error under the evidence introduced without objection, it was error in favor of appellants, of which they cannot complain.

The judgment of the trial court is accordingly affirmed.

*Affirmed.*